PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| TIFFANY D. WHEATLEY, | ) | |
| | ) | CASE NO. 4:24CV0987 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| HON. ANTHONY D'APOLITO, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 2, 3, and 4] |

*Pro Se* Plaintiff Tiffany D. Wheatley filed the above-entitled action under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA") to challenge a criminal action pending against her in the Mahoning County, Ohio Court of Common Pleas. *See State of Ohio v. Wheatley*, No. 2023 CR 0349 (filed June 8, 2023). Plaintiff is free on bond awaiting trial on three felonies and two misdemeanor charges. She brings this action against Judge Anthony D'Apolito (the Common Pleas Court Judge presiding over her case), Mahoning County Prosecutor Gina DeGenova, Assistant Mahoning County Prosecutor Katherine Jones, and the Mahoning County Court of Common Pleas. Plaintiff asserts that she was falsely arrested, denied due process in her arrest, coerced to waive procedural rights, denied attendance at grand jury proceedings, denied access to discovery or exhibits, and denied the right to represent herself. *See* Complaint (ECF No. 1) at PageID #: 13-14. Her case has not yet been set for trial. Plaintiff asks this Court to enjoin the state court proceedings for a minimum of 30 days to allow her to submit

(4:24CV0987)

a more formal complaint for injunctive relief. *See* ECF No. 1 at PageID #: 6. She also seeks unspecified monetary damages. *See* ECF No. 1 at PageID #: 14.

Plaintiff also filed an Application to Proceed Without Prepayment of Fees (ECF No. 2). For good cause shown, that Motion is granted.

### I. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."

2

(4:24CV0987)

*Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## II. Law and Analysis

As an initial matter, none of the defendants are subject to suit for the claims Plaintiff asserts. The Mahoning County Court of Common Pleas is not *sui juris*, meaning it is not a separate legal entity under Ohio law that can sue or be sued. See *Carmichael v. City of Cleveland*, 571 Fed.Appx. 426, 435 (6th Cir. 2014) (finding that "under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued"); *Black v. Montgomery Cty. Common Pleas Court*, No. 3:18-cv-00123, 2018 WL 2473560, at *1 (S.D. Ohio June 4, 2018) (finding Common Pleas Court was not *sui juris*). Consequently, Plaintiff's claims against the Mahoning County Common Pleas Court fail as a matter of law.

The remaining Defendants are the prosecutors in Plaintiff's criminal case and the judge that is presiding over her trial. All of these Defendants are absolutely immune from suit. Judges are absolutely immune from civil suits for damages that stem from decisions they made while presiding over a case. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Prosecutors are absolutely immunity from damages for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). Plaintiff's allegations pertaining to Judge D'Apolito concern decisions he made while presiding over her criminal prosecution. She

3

(4:24CV0987)

does not include specific allegations against either of the prosecutors, Gena DeGenova or Katherine Jones. To the extent that her claims against them pertain to actions they took in the course of representing the State of Ohio in her criminal case, they are also immune from suit.

To the extent that Plaintiff's claims against DeGenova and Jones pertain to actions taken outside of their roles as prosecutors, she failed to state a claim upon which relief may be granted. A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Absent factual allegations that concern these Defendants, the claims against them must be dismissed.

Plaintiff also alleges she is bringing claims under Title II of the ADA. Title II prohibits a public entity from discriminating against a "qualified individual with a disability" by excluding that individual from participation in or by denying the benefits of the services, programs or activities of the public entity. 42 U.S.C. § 12132. The term "public entity" is defined, in relevant part, as "any State or local government." 42 U.S.C. § 12131(1)(A). Title II does not provide a cause of action against individual state or local government employees or officials. *Williams v. McLemore*, 247 Fed.Appx. 1, 8 (6th Cir. 2007) ("We have held repeatedly that the ADA does not permit public employees or supervisors to be sued in their individual capacities."); *Lee v. Mich. Parole Bd.*, 104 Fed.Appx. 490, 493 (6th Cir. 2004) (the ADA does not impose liability upon individuals.). Plaintiff's ADA claims cannot be brought against Judge D'Apolito, DeGenova or Jones.

4

(4:24CV0987)

Finally, this Court cannot enjoin the state court criminal proceedings. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See* Younger v. Harris, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. Watts v. Burkhart, 854 F.2d 839, 844-48 (6th Cir. 1988). If the state defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. Id.; *see also* Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) the state proceedings are on-going; (2) the state proceedings implicate important state interests; and, (3) the state proceedings afford an adequate opportunity to raise federal questions. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal or civil in nature as long as federal court intervention would "unduly interfere with the legitimate activities of the State[ ]." Younger, 401 U.S. at 44.

All three factors supporting abstention are present. Plaintiff admits that the criminal action against her is still pending and this Court acknowledges that state court criminal matters are of paramount state interest. *See* Younger, 401 U.S. at 44-45. The third requirement of *Younger* is that Plaintiff must have an opportunity to assert her federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. Moore v. Sims, 442 U.S. 415, 430 (1979). The burden at

(4:24CV0987)

this point rests on Plaintiff to demonstrate that state procedural law bars presentation of her claims. *Pennzoil Co.*, 481 U.S. at 14. When a plaintiff has not attempted to present her federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Id.* at 15. Here, there has been no showing that the claims asserted by Plaintiff in this federal lawsuit are barred in the state action. The requirements of *Younger* are satisfied and this Court must abstain from interfering in any pending state court criminal action against Plaintiff. Therefore, Plaintiff's Motion for Emergency *Ex Parte* Temporary Restraining Order and Injunctive Relief (ECF No. 3) is denied.

Generally, the doctrine requires a federal court to stay an action for damages during the pendency of a state action on the same matter. *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998); *see also Myers v. Franklin Cnty. Court of Common Pleas*, 23 Fed.Appx. 201, 206-207 (6th Cir. 2001). As discussed above, however, Defendants are immune from suits for damages and are not subject to suit under Title II of the ADA. The claims for damages have been dismissed. *See Wheat v. Jessamine Journal Newspaper*, No. 95-6426, 1996 WL 476435, at *1 (6th Cir. Aug. 20, 1996) (stating that it was proper for the district court to dismiss plaintiff's damages claims, rather than hold them in abeyance, when the plaintiff failed to state a valid claim for relief).

### III. Conclusion

Accordingly, Plaintiff's Application to Proceed Without Prepayment of Fees (ECF No. 2) is granted. Plaintiff's Motion for Emergency *Ex Parte* Temporary Restraining Order and

(4:24CV0987)

Injunctive Relief (ECF No. 3) is denied. This action is dismissed pursuant to 28 U.S.C. § 1915(e). Plaintiff's Motion for Electronic Filing Privileges (ECF No. 4) is denied as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

| | |
|---|---|
|    June 13, 2024    |   */s/ Benita Y. Pearson*       |
| Date | Benita Y. Pearson |
| | United States District Judge |